STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

State of West Virginia,
Plaintiff Below, Respondent

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 12-0076 (Mercer County 10-F-255)

Rodney Worrell,
Defendant Below, Petitioner

**MEMORANDUM DECISION**

Petitioner's appeal, by counsel R. Thomas Czarnik, arises from the Circuit Court of Mercer County, wherein he was sentenced to three terms of incarceration of one to ten years, to run consecutively, following his jury conviction for three counts of obtaining money by false pretenses. That order was entered on December 15, 2011. The State, by counsel Andrew D. Mendelson, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 15, 2010, petitioner was indicted on three counts of obtaining money by false pretenses by a Mercer County Grand Jury. The charges stemmed petitioner's sale of three hot tubs to three separate victims, all of whom had numerous delays in the delivery of their hot tubs such that they had to contact law enforcement. Following a two-day jury trial, petitioner was convicted on all counts and was subsequently sentenced to a term of incarceration of one to ten years for each conviction, said sentences to run consecutively. However, the circuit court suspended petitioner's sentences for counts two and three and ordered that petitioner complete five years of probation upon his release from incarceration.

On appeal, petitioner alleges eight assignments of error. Three of these assignments of error deal with allegations of insufficient evidence to support petitioner's convictions and will be addressed together. In support of petitioner's first three assignments of error, petitioner argues that, in regard to counts two and three, the State failed to establish the elements of intent, false pretense, and obtaining. According to petitioner, he never met two of the victims until he eventually delivered their goods. Further, he was prevented from delivering the goods earlier by a forcible eviction from his storefront and the lack of access to his inventory.

1

Petitioner additionally asserts several assignments of error related to evidence under Rule 404(b) of the West Virginia Rules of Evidence. Petitioner argues that the circuit court failed to give a cautionary instruction on this evidence and also erred in limiting the number of rebuttal witnesses he was allowed to introduce. Lastly, petitioner alleges that the circuit court failed to grant his motions to dismiss.

In response, the State argues that the evidence at trial was sufficient to support petitioner's convictions because the jury was presented with evidence that petitioner had sole responsibility for the business's money, that he cashed the relevant checks and spent them on personal expenses, and that he "had no plan . . . to make things right" with the victims. Further, the State argues that it did not introduce any evidence pursuant to Rule 404(b) and that petitioner's arguments on the issue have no merit.

We have held that

"[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). As noted above, the jury was presented with evidence that petitioner himself obtained the money and used it for his personal expenses with no plan for "making things right" with the victims. For these reasons, the Court finds the evidence was sufficient to support petitioner's convictions.

As to petitioner's allegations that the circuit erred in limiting the number of character witnesses petitioner could offer in rebuttal, the Court finds no merit in this argument. The record shows that petitioner's counsel agreed that putting on additional witnesses as to petitioner's character was unnecessary given that it would be cumulative to the two witnesses who had already testified. We have previously held that "'[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 2, *State v. Payne*, 225 W.Va. 602, 694 S.E.2d 935 (2010). For these reasons, we find no error by the circuit court in denying petitioner's request to examine additional witnesses.

The Court also finds no merit to petitioner's allegation that the circuit court erred in failing to give a cautionary instruction related to the introduction of what he classifies as Rule 404(b)

evidence. The record shows that after the evidence in question was admitted, the circuit court and counsel for both parties discussed jury instructions and petitioner's own counsel noted that a Rule 404(b) instruction was unnecessarily included in the proposed jury instructions. We have previously held that "'[o]ur general rule is that nonjurisdictional trial error not raised in the trial court will not be addressed on appeal.' Syllabus Point 9, *State v. Humphrey*, 177 W.Va. 264, 351 S.E.2d 613 (1986)." Syl. Pt. 4, *State v. Smith*, 178 W.Va. 104, 358 S.E.2d 188 (1987). Because petitioner failed to raise this issue below, the Court declines to address it on appeal.

Lastly, the Court declines to address petitioner's assignment of error related to the circuit court's denial of his motions to dismiss below. In his petition for appeal, petitioner offers no argument in support of this assignment of error. We have previously held that "'[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim . . . .' *State, Dep't of Health & Human Res. v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995) (citation omitted)." *State v. White*, 228 W.Va. 530, 547, 722 S.E.2d 566, 583 (2011).

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II